

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 15, 1939

State Board of Education
Austin, Texas

Gentlemen:

Attention: Mr. Gaynor Kendall

Opinion No. O-475

Re: Per diem and expenses of
member of Board of Education.

This department is in receipt of your letter of March 11, 1939, requesting an opinion upon the questions presented therein. Such letter states in part as follows:

"There is pending before the Congress of the United States certain legislation designed to assert Federal title to submerged coastal lands belonging to the State of Texas, which have been dedicated to the Permanent Free School Fund.

"The State Board of Education at its meeting on March 6th authorized and directed one of its members to attend at the hearing to be held by the Congressional Committee in Washington on the 20th of this month, for the purpose of opposing the passage of such legislation and of there asserting title to said lands on behalf of the Permanent Free School Fund.

"I have been instructed to request, on behalf of the Board, your opinion whether the member attending such committee hearing is entitled to reimbursement for expenses incurred in making the trip, and whether he will be entitled to receive a per diem of $10.00 for each day he is engaged in making this trip."

Acts of 1929, 41st Legislature, 2nd Called Session, Ch. 10, Sec. 10, p. 12, now Article 2675b-10, Revised Civil Statutes, provides:

"The members of the State Board of Education, created by this Act, shall be paid Ten Dollars per day when in actual attendance upon Board Meetings, and shall be entitled to actual traveling and other necessary expenses incurred in the discharge of their duties. . ."

Section 4 of the above mentioned Act, now Article 2675b-4 provides in part as follows:

"The State Board of Education shall meet once in every three months at the Capitol in Austin, and at such other times as may be designated by the president, or it may meet upon call of any three members of the Board. . . ."

Article 2669, Vernon's Annotated Civil Statutes, 1925, authorizes the State Board of Education "to invest the permanent public free school funds of the State in lands of the United States, the State of Texas, or any county thereof, and the independent or common school districts, road precincts, drainage, irrigation, navigation and levee districts" and other securities.

Under the provisions of Article 2671, Vernon's Annotated Civil Statutes, 1925, the State Board is given discretion in purchasing such bonds and "may decline to purchase same unless satisfied that they are safe and proper investments for such fund."

In making appropriation for support and maintenance of State Department, Acts 45th Legislature, 1937, Ch. 504, p. 1419, it was provided:

"The State Board of Education is hereby authorized out of the appropriation made for other employees to employ . . . surveyors . . . and all necessary employees for the investigation of lands owned by Permanent School Fund, particularly those having oil wells situated thereon . . ."

It thus appears that the State Board of Education, in its official capacity, is interested both directly and indirectly in the preservation and protection of the permanent free school fund, of which the submerged lands referred to in your letter are a part.

This department is advised that part of the permanent school fund has been invested by the Board in bonds of counties or school districts whose taxable lands are affected by the legislation in question. The board would be particularly interested in attempting to prevent any action which would tend to prejudice the security and safety of the funds already invested, under its authority and discretion.



We are of the opinion that a duly authorized member of the State Board of Education would be entitled to be reimbursed for expenses incurred in making the trip referred to in your letter, under the circumstances therein set out.

Since such board member would not be "in actual attendance upon Board Meetings," it is our opinion that he would not be entitled to receive a per diem of $10.00 for each day he is engaged in making this trip.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Cammack
Cecil C. Cammack
Assistant

CCC:N

APPROVED

ATTORNEY GENERAL OF TEXAS